1

2               UNITED STATES DISTRICT COURT

3               NORTHERN DISTRICT OF CALIFORNIA

4

5    STRIKE 3 HOLDINGS, LLC,                    Case No.  21-cv-00251-JCS

6              Plaintiff,

7         v.                                    **ORDER GRANTING EX PARTE
                                                APPLICATION TO SERVE
8    JOHN DOE SUBSCRIBER ASSIGNED IP            SUBPOENA**
     ADDRESS 107.216.241.80,
9                                               Re: Dkt. No. 8
               Defendant.

10

11        Plaintiff Strike 3 Holdings, LLC moves ex parte for leave to serve a third party subpoena

12   prior to a Rule 26(f) conference.  The Court being duly advised does hereby **FIND, ORDER**

13   **AND ADJUDGE:**

14        1.    Plaintiff has established that "good cause" exists for it to serve a third party

15   subpoena on AT&T U-verse ("AT&T").  *See UMG Recording, Inc. v. Doe*, No. C 08-1193 SBA,

16   2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6–7

17   (D.D.C. 2008).

18        2.    Plaintiff may serve AT&T with a Rule 45 subpoena commanding AT&T to provide

19   Plaintiff with the true name and address of the Defendant to whom AT&T assigned the IP address

20   107.216.241.80.  Plaintiff shall attach to any such subpoena a copy of this order.

21        3.    Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any

22   service provider that is identified in response to a subpoena as a provider of Internet services to

23   Defendant (together with AT&T, the "ISPs").

24        4.    **IT IS FURTHER ORDERED** that subpoenas authorized by this order and issued

25   pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. § 551.  In particular, 47

26   U.S.C. § 551(c)(2)(B) provides as follows:

27        (c) Disclosure of personally identifiable information

28            [. . .]

United States District Court
Northern District of California

United States District Court
Northern District of California

(2) A cable operator may disclose such information if the disclosure is—

[. . .]

(B) subject to subsection (h) [relating to disclosures to governmental agencies] made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . .

This order is an order authorizing such disclosure.

5.  **IT IS FURTHER ORDERED** that each ISP will have <u>30 days</u> from the date of service upon it to serve each of its subscriber(s) whose identity information is sought with a copy of the subpoena and a copy of this order.  The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

6.  **IT IS FURTHER ORDERED** that each subscriber and each ISP shall have <u>30 days</u> from the date of service upon him, her or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If the 30-day period after service on the subscriber lapses without the subscriber or the ISP contesting the subpoena, the ISP shall have <u>10 days</u> to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

7.  **IT IS FURTHER ORDERED** that any ISP that receives a subpoena shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed motion to quash the subpoena with respect to such information.

8.  **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

**IT IS FURTHER ORDERED** that any name or other personal identifying information of any current or proposed defendant, or any other subscriber identified in response to a subpoena, shall be filed UNDER SEAL in all filings and not otherwise disclosed.

**IT IS SO ORDERED.**

Dated: March 16, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

2